BALDOMAR TAGUILA v. THE STATE.

No. 12692. Delivered May 29, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, fifteen years in the penitentiary.

There are two complaints, one in the nature of an exception to the court's charge, asserting that same was too restrictive in regard to the appellant's right of self-defense against apparent danger, and this was accompanied by a requested charge on this subject. A comparison between the requested charge and the main charge given discloses that they are practically the same.

Appellant asked for a continuance to secure the presence of one Nino, alleging that if Nino was present he would swear that he saw the cutting, and that it occurred in a way to support the theory of self-defense. In determining whether material error was committed in overruling an application for continuance, and in denying a motion for new trial based in part on the overruling of such application,—this court may look to the facts in evidence. The cutting took place at a Mexican dance and followed a quarrel between appellant and deceased, both of whom immediately before the cutting were upstairs where the dancing appears to have been in progress. The parties to the difficulty came downstairs and the cutting took place almost at once after they reached the lower floor. Appellant took the stand in his own behalf and introduced one other witness, a brother of the absent witness. As we understand their testimony, both of them affirmed that Nino was not downstairs at the time of the cutting, but was upstairs. A State witness also affirmed that Nino was upstairs at the time of the cutting. In this condition of the record we think the learned trial judge justified in overruling the motion for new trial upon his conclusion that had Nino been present he would not have given the testimony set up in the application as expected of him, or if he had given it the jury would have been justified in believing it not to be true. Such being the case, we are of opinion no reversible error is shown in the refusal of the application for continuance.

The facts in the case seem amply sufficient and need not be set out at length.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*